[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action the plaintiffs, Bessie Cole and James Earl Jones, seek to recover from the defendant, Charlene Smith, for conversion and forgery. After a trial to the court the court finds the following. In 1989 Jones and Smith were involved in a personal relationship, which had apparently lasted for some time because they had a daughter together. Jones needed a new vehicle and he asked Smith to accompany him to Mutual Ford in Springfield, Massachusetts to look at trucks. Jones located a new [1989] Ford Ranger truck that he wished to purchase. However, neither he nor Smith had sufficiently good credit to enable them to obtain a loan to finance the truck.
Thereafter Jones asked his sister, Bessie Cole, who lived in Massachusetts, to purchase the truck in her name and she did so. Jones made a down payment of $1500 on the truck, Ford provided a $1000 rebate and the balance of the purchase price was financed by an installment note payable to Ford Motor Credit Corp. The plaintiffs never introduced the installment note, so the court is unable to make a finding as to the purchase price of the truck, or whether Jones was a signatory on the installment note. The Certificate of Title[1] to the truck was originally in the name of Cole, but Cole never had possession of it. The title was retained by Ford Motor Credit because it held a lien on the truck pending payment in full of the installment note.
Jones and Cole agreed amongst themselves that Jones was solely responsible for making payments on the installment note, as well as paying for insurance, repairs and all other expenses related to the truck. Jones testified that he did make a number of payments on the truck, but failed to introduce evidence of the dates or amounts of those payments.
In August, 1992, Jones moved to Georgia, but left the truck in the possession of Smith who paid for numerous repairs to the truck. The truck has remained in the possession of Smith from August, 1992 until the present. CT Page 14833
In 1991 Smith started making payments on the installment note. She did this at the request of Jones, who apparently was unable to make those payments. From 1991 to 1994 Smith made payments on the installment note in the total amount of approximately $10,900. Smith also made payments in excess of $1000 for repairs, maintenance and insurance on the truck. Jones promised that he would reimburse Smith for the amounts of the payments, but he failed to do so.
After making payments on the installment note totaling approximately $7,636, and receiving no reimbursement from Jones, Smith stopped making the payments. Not surprisingly, the installment note went into default. Ford Motor Credit contacted Cole about the default and Cole advised Ford Motor Credit to contact Smith. After she was contacted by Ford Motor Credit, Smith contacted Jones and advised him of the amount owed on the truck. Jones told Smith that he could not pay that amount or, apparently, any amount, but promised her that if she paid off the truck, he would reimburse her.
By check dated March 25, 1994, in the amount of $3,267.29, Smith paid off the amount due on the truck loan. On May 3, 1994, Ford Motor Credit released the lien on the truck and sometime thereafter it sent the Certificate of Title to the truck to Smith. Smith has had the title in her possession since that time. After she obtained possession of the title Smith contacted Cole and told Cole that she wanted the title to the truck signed over to her unless she received reimbursement for the amounts she had paid on the installment note. Cole told Smith that she would sign over the title to whoever paid for the truck, but she refused to provide Smith with a writing to that effect. Instead, she told Smith to "trust her." In late 1995 Smith and Jones went to the residence Cole's brother in Southington. At that time and place Cole signed the "Assignment" portion of the Certificate of Title in blank and returned it to Smith. At sometime thereafter Jones and Smith signed the title as Buyers. When Smith did not receive any reimbursement from Jones, she put her name on the Assignment portion of the title document as the sole buyer and registered the truck in her name with the Connecticut Department of Motor Vehicles.
The court finds that the testimony of Cole and Jones, which differed from the foregoing finding, was not credible. Cole testified that she had the Certificate of Title to the truck in her possession after she purchased the truck. Clearly, this was not possible, because Ford Motor Credit had a lien on the truck and retained possession of the title until it released the title to Smith after she paid off the loan.
In the face of substantial evidence in the form of canceled checks from Smith to Ford Motor Credit, Jones had to admit that Smith had actually CT Page 14834 made many payments on the truck. However, he testified hat he had sent Smith money orders in the amount of those payments. This was not credible. Jones failed to produce any copies of any money orders. Moreover, Jones offered no explanation as to why he sent the money orders to Smith rather than simply sending them directly to Ford Motor Credit. Jones admitted that Smith paid the balance of the installment note from their daughter's college fund (which Smith alone had set up and funded). However, he testified that he had agreed with Smith that in return for her payment from the college account, he would pay an unspecified amount towards his daughter's college education. Jones failed to introduce any evidence of any payments he made for towards his daughter's education. The court finds that Jones failed to prove that he reimbursed Smith for any payments she made in the installment note and also failed to prove that he made any payments towards his daughter's education.
Discussion of Law and Ruling
Count One of the Revised Complaint dated January 27, 1998, is for conversion. Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. Devitt v. Manulik, 176 Conn. 657, 660, 410 A.2d 465
(1979); Moore v. Waterbury Tool Co., 124 Conn. 201, 199 A. 97 (1938). The plaintiffs failed to prove that the defendant assumed unauthorized possession over the truck. Her possession of the truck was authorized by Jones. Legal title to the truck was initially in the name of Cole, but she admitted that she never assumed possession of the truck and never assumed any responsibility for any payments or upkeep of the truck. Ownership can be evidenced by possession, control and responsibility.Mechanic's Bankv. Yale University, 111 Conn. 452, 463, 150 A. 526
(1930). Since 1992, Smith had possession and control of the truck and had taken responsibility for its upkeep and maintenance. The plaintiffs failed to introduce any documentary evidence of any payments made by Jones. However, they have argued in their Post Trial Brief that a Statement of Account introduced at the trial by Smith (Defendant's Exhibit CC) contains $9,966.90 payments on the truck loan which were not made by Smith. Since they were not made by Smith, Jones argues that they must have been paid by him. Even if the court accepts this novel approach to proof of payment, and finds that Jones did make $9,966.90 payments on the truck, the plaintiffs have established only that Jones made payments for the truck which were equal to or less than those made by Smith. Under the circumstances of this case, those payments do not vest Jones with rights to the truck which were superior to those of Smith.
Based on the evidence of 1) Smith's authorized possession and control of the truck, 2) the loan payments in the amount of $7,636 and maintenance and insurance payments made by Smith, and 3) Smith's payment CT Page 14835 of $3,267.29, which avoided a default on the truck loan and caused Ford Motor Credit Co. to release the title to the truck to Smith, the court finds that Smith had an equitable interest in the truck which was superior to that of the plaintiffs.
The plaintiffs also failed to submit any proof as to the damages for the alleged conversion of the truck. Generally the measure of damages for conversion is the value of the converted goods at the date of conversion. Waterbury Petroleum Products, Inc. v. Canaan Oil and FuelCo., Inc., 194 Conn. 208, 222, 477 A.2d 988 (1984). The plaintiffs failed to introduce any evidence of the value of the truck in February, 1996, the time of the alleged conversion. Therefore, even if they had sustained their burden of proving that their legal and/or equitable rights to the truck were superior to those of Smith they failed to establish any damages. Based on the foregoing, judgment may enter on Count One in favor of the defendant, Charlene Smith.
In Count Two the plaintiffs allege that the "defendant altered the Certificate of Title from the State of Georgia at some point in time in the month of February, 1996 or thereafter by inserting her name as transferee without the knowledge or consent of either plaintiff" The plaintiffs have failed to prove this allegation. As stated above, Smith received possession of the Certificate of Title to the truck from Ford Motor Credit Co. after she paid off the loan. It was Smith who asked Cole to sign the title over to her and Cole did so with the knowledge that Smith would register the car in her own name if Jones did not reimburse her for the loan payments. For the foregoing reason judgment may enter on Count Two in favor of the defendant, Charlene Smith.
By the court,
Aurigemma, J.